UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELSY E. H.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:19-CV-05358-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for child's insurance benefits and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly dismissed Dr. Keith Krueger's medical opinion. Had the ALJ properly considered Dr. Krueger's opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed

and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 31, 2015, Plaintiff filed applications for child's insurance benefits and SSI. *See* Dkt. 8, Administrative Record ("AR") 15. Plaintiff alleges disability as of July 28, 2011. AR 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Gerald J. Hill on November 14, 2017. *See* AR 15. In a decision dated April 9, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 36. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 15; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) evaluate the medical opinion evidence; and (2) evaluate the lay witness opinions. Dkt. 10, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

## DISCUSSION

**I.   Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the opinion evidence submitted by Drs. Keith Krueger, Kimberly Wheeler, Patricia Gardner, Alysa Ruddell, Luci Carstens, and Ms. Sarah Magnuson-White. Dkt. 10, p. 8.

A.   Dr. Krueger

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Krueger saw Plaintiff on three separate occasions. AR 30-31. Plaintiff first visited Dr. Krueger on October 3, 2012, where he completed a psychological evaluation of Plaintiff. AR 742-780. Among other things, Dr. Krueger opined Plaintiff had moderate to severe limitations in mental functioning, which included severe limitations with completing a normal workday/workweek without interruptions from psychologically based symptoms. AR 772. On March 19, 2014, Dr. Krueger completed a psychological evaluation of plaintiff, and opined Plaintiff had moderate to marked limitations in mental functioning, including marked difficulties

with adapting to changes in routine work settings and completing a normal workday/workweek without interruptions from psychologically based symptoms. AR 754-755. Finally, on February 4, 2015, Dr. Krueger completed a psychological evaluation of Plaintiff, and opined Plaintiff had no to mild limitations with understanding, remembering, and persisting in tasks following very short simple instructions. AR 744. Dr. Krueger opined Plaintiff had moderate to marked limitations in mental functioning, including marked difficulties with adapting to changes in routine work setting, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and completing a normal workday/workweek without interruptions from psychologically based symptoms. AR 744-745.

The ALJ gave Dr. Krueger's opinion partial weight, because:

> (1) …his opinion regarding her marked or severe mental health limitations are [sic] not consistent with the overall medical evidence of record. As discussed above, the medical evidence shows that the claimant had a few periods of decompensation due to medication noncompliance and situational stressors in her life. However, the medical evidence also shows that her mental health symptoms are generally stable when she is compliant with her medication regimen. (2) In addition, the evidence shows that she is quite bright and able to manage all her activities of daily living independently, volunteer with her church, and spend several hours daily writing.

AR 31 (numbering added).

First, the ALJ discounted Dr. Krueger's opinion because it was inconsistent with the medical evidence of record. AR 31. He specifically says this is so because Plaintiff's mental health symptoms are "generally stable" when she follows her medication regime. AR 31. An ALJ does not provide specific and legitimate reasons for affording a doctor's opinion little weight simply by pointing out a reduction in a claimant's mental health symptoms when compliant with claimant's prescribed medication regime. *Roland v. Colvin*, 2016 WL 3912015 *5 (E.D. Cal. July 18, 2016).

Here, the ALJ discounted Dr. Krueger's opinion by stating Plaintiff's mental health symptoms generally stabilized when she adhered to her medication regime. Such reasoning falls short of being specific and legitimate. *See Roland*, 2016 WL 3912015 at *5. Further, the ALJ fails to consider Plaintiff's functioning between the episodes of noncompliance with her medication regime when she *was* following her medication regime. *See* AR 764 (while on Lithium and Zyprexa, Plaintiff was hospitalized twice with suicidal ideations and "multiple odd behaviors"); AR 769 (while on Lithium and Olanzapine, Plaintiff was "thinking of walking in front of car"). Stating that Plaintiff is "generally stable" when following the prescribed medication regime is conclusory, as it does not take into account Plaintiff's mental health status at times of compliance with the medication regime. The ALJ also failed explain how, when Plaintiff is stable, she is not suffering from the degree of functional limitations Dr. Krueger opined to. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). The ALJ also failed to cite any support for his findings. *Id.* The ALJ also does not explain what exactly "generally stable" means.

      Moreover, Dr. Krueger examined Plaintiff when she was on her medication. AR 752, 772. So, Dr. Krueger's opinion of her functional limitations is when Plaintiff is "stable." *See* AR 742 (Dr. Krueger reported Plaintiff is on Zyprexa now, but off Lithium). As the ALJ didn't specify which medications he was referring to that help Plaintiff be "generally stable," there is nothing to indicate the medications Plaintiff was on when Dr. Krueger examined her were not the stabilizing medications. Accordingly, the ALJ's reasoning is inconsistent with the record. Thus, for the above reasons, the ALJ's first reason for discounting Dr. Krueger's opinion is not a specific and legitimate reason supported by substantial evidence.

Second, the ALJ gave little weight to Dr. Krueger's opinion because his opinion is inconsistent with Plaintiff's daily activities. AR 31. While the ALJ lists several of Plaintiff's daily activities, the ALJ fails to explain how Plaintiff's ability to independently manage all her activities of daily living, volunteer with her church, and spend several hours daily writing is inconsistent with Dr. Krueger's opinion. *See* AR 31. Without an explanation regarding what portions of Dr. Krueger's opinions are inconsistent with Plaintiff's daily activities, the Court finds this is not a valid reason for discounting Dr. Krueger's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *See also Blakes*, 331 F.3d at 569. The Court concludes the ALJ's second reason for giving little weight to Dr. Krueger's opinions is not specific and legitimate and supported by substantial evidence. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

The ALJ's two reasons for giving partial weight to Dr. Krueger's opinion are not specific and legitimate and supported by substantial evidence. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, had the ALJ properly considered Dr. Krueger's opinion, the RFC may have included additional limitations. For example, Dr. Krueger opined Plaintiff had marked difficulties with maintaining regular attendance and being punctual within customary tolerances without special supervision. AR 744. The RFC makes no mention of these areas that could impact production and/or absenteeism. *See* AR 20-21. Had the ALJ given greater weight to Dr. Krueger's opinion, the ultimate disability decision may have changed. Therefore, the ALJ's error is not harmless and requires remand.

B. Remaining Medical Opinions

Plaintiff also contends the ALJ failed to provide adequate reasons for discounting the opinions of Drs. Wheeler, Gardner, Ruddell, Carstens, and Ms. Magnuson-White. Dkt. 10, pp. 3-8. The Court notes that the ALJ provided the same two reasons for providing less weight for each of the remaining medical opinions as were provided for giving partial weight to Dr. Krueger's opinion. AR 31 As the Court has discussed above, these two reasons are conclusory and, therefore, not valid. *See* Section I. A.*, supra.* However, because the reconsideration of Dr. Krueger's opinion may impact the ALJ's analysis of the remaining medical opinions, the Court declines to analyze any of these opinions. Rather, on remand, the Court directs the ALJ to re-evaluate all the medical evidence, including Drs. Krueger, Wheeler, Gardner, Ruddell, Carstens, and Ms. Magnuson-White, and, if discounting any medical opinions, the ALJ is directed to provide proper reasons supported by substantial evidence for doing so.

**II. Whether the ALJ provided germane reasons for discounting the lay witness statements.**

Plaintiff next argues that the ALJ failed to provide germane reasons for rejecting the lay witness statements of Mary Hopkins May and Melissa Miller. Dkt. 10, p. 17. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must

re-evaluate all the medical evidence on remand. *See* Section I., *supra.* Because the ALJ's reconsideration of the medical opinion evidence may impact his assessment of the lay witness statements, the ALJ is directed to reconsider this evidence on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of October, 2019.

David W. Christel
United States Magistrate Judge